IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KIMBERLY A. HOYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | No: _____ |
| FREIGHTLINER, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**COMPLAINT**

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking legal, equitable and declaratory relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.*, as amended ("Title VII"), and the common law and public policy of the State of North Carolina. Plaintiff's claims arise from unlawful harassment, discrimination and retaliation to which she was subjected while employed by defendant, including exposure to sexually offensive comments and materials in the workplace from co-workers and superiors, disparate treatment and retaliatory action for complaining about the mistreatment she suffered. Plaintiff further contends that as a result of such treatment, she suffered humiliation, emotional distress and loss of income. In addition to causes of action under federal law, plaintiff alleges that these acts of defendant create claims for negligent infliction of emotional distress and negligent retention and supervision.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding seeking to enforce rights and remedies secured by Title VII. Jurisdiction is also conferred upon this court by 28 U.S.C. §1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §2201 and 2202, this being an action for declaratory judgment declaring illegal acts of defendant complained of herein which violate rights secured to the plaintiff by Title VII.

4. Jurisdiction is further invoked pursuant to 28 U.S.C. §1367, this being an action also challenging the defendant's unlawful acts under the common law and public policy of North Carolina.

## II. PARTIES

5. Plaintiff, Kimberly A. Hoyle, is a female United States citizen and resident of Gaston County, North Carolina.

6. Defendant, Freightliner, LLC, is a corporation authorized to do business in North Carolina and is engaged in the manufacture of commercial vehicles. Defendant is an employer within the meaning of Title VII.

## III. FACTS

7. Plaintiff was employed by defendant in August, 1988 as a truck assembler. She was employed in that capacity and actually worked in that capacity throughout her employment with the defendant except for a period of time when she served as a Safety Representative for the United Auto Workers Local Union 5285. She returned to the plant floor as a truck assembler in September, 2004. On the floor she was exposed to sexually inappropriate remarks and conduct by her co-workers. Such behavior had existed on the plant floor before she assumed the Safety Representative position.

8. During plaintiff's employment with defendant, the workforce was and remains predominantly male. Throughout plaintiff's employment, defendant has allowed sexually offensive materials to be brought into and displayed in the workplace. Sexually inappropriate conduct has been allowed to occur without consequence to the perpetrators. The acts continued over time and after plaintiff complained.

9. Beginning June 6, 2005, plaintiff complained to management officials on the floor and to a Human Resources representative that her work environment was offensive and that the conduct of her co-workers was offensive. Management took no action to address the problem until November, 2005. Management's response was inadequate to stop the behavior to which she was exposed and management failed to take appropriate action to remove inappropriate materials from the workplace.

10. Plaintiff complained of there being sexually inappropriate images in the workplace of nude women on calendars in the workplace, on tool boxes, and on company computer screens and further complained that a tampon was tied to a key ring on a truck which she needed to move from one part of the plant to another. Male members of the workforce were known to view sexually inappropriate images on video computer, including sexual acts between animals, sex themed games depicting sexual scenes and other sexually explicit acts. Management failed to take appropriate action to remedy the behavior. Further, members of management knew or should have known of the fact that pornographic materials were being traded and sold in the workplace.

11. After plaintiff's complaints, she was subjected to harassing conduct by management and co-workers. Her work assignments were changed. On one occasion

after complaining to Human Resources, plaintiff was given a job to sweep and clean the outside wall while it was raining. As a result of being exposed to the cold and rain on or about November 24, 2005, plaintiff developed an upper respiratory infection which caused her to miss work.

12. Plaintiff was terminated on December 6, 2005 for allegedly violating the company's attendance policy. While plaintiff had had attendance problems in the past, she complied with defendant's requirement for submission of medical documentation regarding her condition.

13. Plaintiff's employment is covered by a Collective Bargaining Agreement between Freightliner and Local 5285 of the United Auto Workers and the International Auto Workers Union. As a result of her coverage by the collective bargaining agreement, plaintiff filed a grievance regarding her discharge. The matter was arbitrated by the parties which resulted in a decision being rendered on or about April 7, 2007 in the plaintiff's favor which found that the discharge was in violation of the contract and that plaintiff should be reinstated.

14. As a result of defendant maintaining a sexually inappropriate workplace, and a result of the discharge from her employment, plaintiff has suffered emotional distress, great financial loss, including the loss of her home and automobile and loss of her economic status.

### IV. CLAIMS FOR RELIEF

#### FIRST CLAIM FOR RELIEF: Hostile Work Environment – Sex

15. Plaintiff realleges and incorporates all preceding paragraphs by reference.

16. By the actions described above, defendant subjected plaintiff to a hostile work environment on the basis of her sex in violation of Title VII, such violation being a continuing violation. Through its managerial agents, defendant's harassment of the plaintiff was because of her sex; objectively and subjectively offensive; sufficiently severe or pervasive to create an abusive working environment; and imputable to defendant.

17. Defendant's actions and omissions in violation of Title VII were undertaken willfully, wantonly and in reckless disregard for the plaintiff's rights, entitling her to compensatory and punitive damages.

## SECOND CLAIM FOR RELIEF: Sex Discrimination

18. Plaintiff realleges and incorporates all preceding paragraphs above.

19. Defendant terminated plaintiff from her employment allegedly because she violated the company's attendance policy. Similarly situated men who had violated the company's attendance policy have not been treated in the same manner.

20. Defendant discriminated against the plaintiff on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964 and the public policy of North Carolina as expressed in N.C.G.S. §143-422.2.

## THIRD CLAIM FOR RELIEF: Retaliation

21. Plaintiff realleges and incorporates all preceding paragraphs above.

22. By the actions described above, defendant retaliated against the plaintiff due to her complaints of unlawful discrimination. After she began complaining on June 6, 2005, plaintiff's work environment was permeated by retaliatory comments and conduct by co-workers and management. Plaintiff suffered adverse employment in terms

and conditions after her complaints.  Further, plaintiff suffered the ultimate adverse employment action, termination, on December 6, 2005.

23. Defendant's actions and omissions, all in violation of Title VII, were undertaken willfully, wantonly, and with reckless disregard for the plaintiff's rights, entitling her to compensatory and punitive damages.

### **FOURTH CLAIM FOR RELIEF:  Negligent Infliction of Emotional Distress**

24. Plaintiff realleges and incorporates by reference all preceding paragraphs.

25. By the negligent actions of defendant described above, defendant, through its agents and employees, knew or should have known that the hostile work environment and retaliatory conduct toward plaintiff would offend, demean, intimidate, and injure her. As plaintiff's employer, defendant had a duty to prevent and remedy the mistreatment suffered by plaintiff.  As described above, defendant breached this duty causing plaintiff emotional harm.

26. Emotional distress is a reasonably foreseeable result of defendant's discrimination against, harassment of and retaliation against plaintiff in the workplace and its creation of intolerable working conditions for plaintiff.   Defendant's conduct is intolerable and outrageous to society's expectations of employers and managers.

27. As a direct result of defendant's actions, plaintiff suffered emotional distress that caused great anxiety and harmed her family life and careers.

28. As a result of defendant's negligent infliction of emotional distress with malice and reckless indifference to plaintiff's rights, and directed at perpetuating the discrimination, harassment and retaliation plaintiff suffered, plaintiff is entitled to awards of compensatory and punitive damages in excess of $10,000.

**FIFTH CLAIM FOR RELIEF: Negligent Retention and Supervision**

29. Plaintiff realleges and incorporates by reference all preceding paragraphs.

30. Defendant owed a duty to use ordinary care to protect plaintiff from harassing, oppressive, and retaliatory conduct and injury from its managers and employees.

31. Defendant had knowledge of the actions of its managerial employees and agents toward plaintiff. Plaintiff reported the discriminatory, hostile and retaliatory work conditions to defendant on several occasions. Defendant knew or should have known that such work conditions existed for plaintiff.

32. Defendant was negligent in failing to take adequate measures to supervise plaintiff's superiors and to stop their unlawful mistreatment of plaintiff. To the contrary, defendant shielded plaintiff's superiors and other of its agents, thus enabling further discriminatory, harassing and retaliatory behavior toward plaintiff.

33. Defendant's negligent supervision and retention of plaintiff's superiors and of its employees fostered and validated an already oppressive work environment for plaintiff, and was a direct and proximate cause of the injuries and harm to plaintiff.

34. As a direct result of the negligence of defendant in retaining and supervising plaintiff's superiors, and condoning their conduct, defendant acted wantonly, willfully, and in disregard of the protected rights of plaintiff, thus entitling her to an award of compensatory and punitive damages in excess of $10,000.

### SIXTH CLAIM FOR RELIEF: Wrongful Discharge

35. Plaintiff realleges and incorporates by reference all preceding paragraphs.

36. The actions of defendant's agents and employees were taken within the scope of their employment with defendant. Defendant is therefore sued for its conduct in *respondeat superior.*

37. By the actions described above, defendant's conduct created intolerable working conditions for plaintiff, including termination of her employment.

38. The termination of plaintiff's employment by defendant was a direct result of the discriminatory, harassing, and retaliatory conduct of defendant's managers and agents, and the emotional distress caused by that conduct.

39. Defendant's conduct, through its agents and employees, as alleged, violated Title VII and the common law and public policy of the State of North Carolina as set out in N.C.G.S. §143-422.2.

40. As a direct result of plaintiff's wrongful termination by defendant, defendant acted wantonly, willfully, and in disregard of the protected rights of plaintiff, thus entitling her to an award of compensatory and punitive damages in excess of $10,000.

### V. DAMAGES

41. As a result of the discrimination and retaliation claimed herein, plaintiff has experienced pain and suffering, loss of earnings, loss of fringe benefits, loss of retirement benefits, loss of status, loss of enjoyment of life, and mental anguish and distress, including extreme worry, humiliation, loss of sleep and other monetary losses.

42. Plaintiff has been irrevocably injured by the discriminatory actions complained of herein. The injuries that plaintiff suffered should be enjoined by this court. Plaintiff has no other adequate or complete remedy other than this proceeding to have the actions and practices of defendant as complained of herein remedied.

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

43. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission alleging sex discrimination and retaliation, EEOC Charge No: 430-2006-01730. The EEOC issued a right to sue letter in this matter and plaintiff files this action within ninety days of her receipt of the right to sue letter. Plaintiff has thereby exhausted all administrative remedies under Title VII.

## VII. JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the discrimination and retaliation alleged herein be remedied in full and that the court, after a jury trial:

(1) Declare the actions complained of herein to be illegal;

(2) Issue an injunction enjoining defendant, its agents, its employees, successors, attorneys and those acting in concert or participation with defendant and at its direction, from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII, and the common law and public policy of North Carolina;

(3) Award plaintiff compensatory damages, including damages for mental anguish, pain and suffering, harm to plaintiff's economic relations and opportunities,

loss of earnings with cost of living adjustments, interest, fringe benefits, and retirement benefits;

(4) Award plaintiff compensatory damages to which she is entitled for the violation of the public policy and common law of the state of North Carolina;

(5) Award plaintiff punitive damages for the extreme and outrageous acts taken by defendant in willfully violating both state and federal law;

(6) Award plaintiff her costs and expenses in this action, including reasonable attorneys fees, costs and other litigation expenses; and

(7) Grant such other and further relief as may be just and necessary to afford complete relief to plaintiff.

This the 19th of April, 2007.

**/s/ Geraldine Sumter**
NC Bar No.: 11107
Ferguson Stein Chambers Gresham
 & Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, North Carolina 28204
Telephone: (704) 375-8461
Facsimile: (704) 334-5654
Email: gsumter@fergusonstein.com

Attorney for Plaintiff